OPINION *Page 2 
{¶ 1} Judith and Scott Janicki appeal from the trial court's entry of judgment in favor of appellee Zurich American Insurance Company in this declaratory judgment action regarding the availability of underinsured-motorist coverage through an insurance policy issued to Judith's employer, Kforce.com, Inc.
 {¶ 2} In their sole assignment of error, the appellants contend the trial court erred in finding that the Zurich policy provides no UM/UIM coverage in Ohio.
 {¶ 3} The record reflects that Judith Janicki was injured when an underinsured tortfeasor drove through a red light and hit her as she walked across a street. In a prior appeal, we determined that she was acting in the scope of her employment with Kforce at the time of her injury. See Janicki v. Kforce.com, 167 Ohio App.3d 572, 2006-Ohio-3370. Following our decision on the scope-of-employment issue, the trial court sustained a motion for summary judgment filed by Zurich, which had issued a business-auto policy to Kforce. The trial court rejected Janicki's argument that she was entitled to underinsured motorist benefits under the Zurich policy pursuant to Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. As noted by the trial court, Galatis states that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 4} The trial court found no coverage available to Janicki because the business-auto policy provided no UM/UIM coverage in Ohio. The trial court also found *Page 3 
that the UM/UIM coverage which was available under the policy applied only to "covered autos." Because no "covered auto" was involved in Janicki's accident, the trial court found that she could not obtain UM/UIM benefits.
 {¶ 5} On appeal, Janicki disputes the foregoing conclusions. She contends the policy issued to Kforce does provide UM/UIM coverage in Ohio, as evidenced by a form captioned "Business Auto Coverage Part Declarations." This form indicates that Kforce paid a premium for UM/UIM insurance and several other types of coverage. Janicki also argues that she qualified as an insured under Galatis, supra, for purposes of obtaining UM/UIM benefits. Finally, she asserts that the policy's attempt to limit UM/UIM coverage to certain "covered autos" is ineffective because UM/UIM insurance protects persons, not vehicles.
 {¶ 6} Having reviewed the Zurich policy, we find that it provides no UM/UIM coverage in Ohio. Separate sections of the policy's "Business Auto Coverage Form" discuss the different types of coverage provided (i.e., liability coverage, physical damage coverage, etc.) and who is an insured, but they do not mention UM/UIM coverage. The Zurich policy is a multi-state policy, and the only discussion of UM/UIM coverage is found in specific endorsements for Arizona and Florida, where Kforce is based. The endorsements state that they modify the insurance provided under the "Business Auto Coverage Form."
 {¶ 7} Although the policy's "Business Auto Coverage Part Declarations" page includes a premium for UM/UIM coverage, nothing in the policy indicates that this premium is intended to pay for coverage in Ohio, as opposed to Arizona and Florida. In short, the policy contains absolutely no forms or endorsements establishing that it *Page 4 
provides any UM/UIM coverage in Ohio or identifying who would qualify as an insured for purposes of such coverage.[1] Therefore, the trial court did not err in finding no coverage available to Janicki. This conclusion renders moot the remainder of her arguments. Accordingly, we overrule the sole assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
GRADY and DONOVAN, JJ., concur.
[1] To support her argument that she qualifies as an "insured" for UM/UIM coverage under Galatis, Janicki relies on the definition of "Who Is An Insured" found in the liability coverage portion of the policy. She presumably does so because the only policy language identifying "Who Is An Insured" for UM/UIM coverage is found in the Arizona and Florida endorsements, which plainly do not apply to Janicki. *Page 1